IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EARL REECE, §
§
*Plaintiff*, §
§
v. § CIVIL ACTION NO.: 4:18-CV-02624
§
ANDREW SAUL, §
COMMISSIONER OF THE §
SOCIAL SECURITY ADMINISTRATION, §
§
*Defendant*. §

## MEMORANDUM AND ORDER

Plaintiff Earl Reece filed this case under 42 U.S.C. § 405(g) of the Social Security Act for review of the Commissioner's final decision denying his request for supplemental security income benefits under the Act. The Commissioner and Reece moved for summary judgment. (Dkt. 13, 14, 16, 17). The Commissioner responded (Dkt. 20), and in accordance with the court's June 20, 2019 Order (Dkt. 21), both parties filed supplemental briefing. (Dkts. 22, 23). After considering the pleadings, the record, and the applicable law, the court **GRANTS** Reece's motion, **DENIES** the Commissioner's motion, and **REMANDS** this case for further proceedings consistent with this Memorandum and Order.[1]

### I. BACKGROUND

#### 1. Factual and Administrative History

Reece filed a claim for supplemental security income benefits on April 21, 2015 alleging a disability onset date of March 10, 2015 due to high blood pressure, type 2 diabetes, a broken hip, gout, hypertension, short term memory issues, and depression. (Dkt. 9-4 at 2). Following the

---

[1] The parties consented to the jurisdiction of this Magistrate Judge for all purposes. (Dkt. 15).

denial of his application and subsequent request for reconsideration, Reece requested a hearing before an Administrative Law Judge (ALJ). At the hearing, which took place on June 16, 2017, Reece amended his alleged onset date to April 21, 2015. (Dkt. 9-3 at 22, 37; Dkt. 9-5 at 70). The ALJ issued a decision on August 25, 2017, finding that Reece was not disabled within the meaning of the Social Security Act. (Dkt. 9-3 at 22-28). The Appeals Council denied review on May 15, 2018 (Dkt. 9-3 at 2-6), and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

### 2. Standard for District Court Review of the Commissioner's Decision

Section 405(g) of the Act governs the standard of review in social security disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Stockman v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999).

With respect to all decisions other than conclusions of law,[2] "[i]f the Commissioner's findings are supported by substantial evidence, they are conclusive." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence has also been defined as "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). When reviewing the Commissioner's decision, the court does not reweigh the evidence,

---

[2] Conclusions of law are reviewed *de novo*. *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981).

try the questions *de novo*, or substitute its own judgment for that of the Commissioner.  *Masterson*, 309 F.3d at 272.  Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Id*. The courts strive for judicial review that is "deferential without being so obsequious as to be meaningless."  *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1956)).

The court weighs four types of evidence in the record when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.  *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991); *Hamilton-Provost v. Colvin*, 605 F. App'x 233, 236 (5th Cir. 2015).

### 3.  Disability Determination Standards

The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; *Water*, 276. F.3d at 718.  The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  A finding at any point in the five-step sequence that the claimant is disabled, or is not disabled, ends the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the first step, the ALJ decides whether the claimant is currently working or "engaged in substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  Work is "substantial" if it involves doing significant physical or mental activities, and "gainful" if it is the

kind of work usually done for pay or profit.  20 C.F.R. §§ 404.1572, 416.972; *Copeland*, 771 F.3d at 924.

In the second step, the ALJ must determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Under applicable regulations, an impairment is severe if it "significantly limits your physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.922(a).  Under Fifth Circuit binding precedent, "[a]n impairment can be considered as not severe *only if* it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."  *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000) (emphasis added) (quoting *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985)).  "Restated, an impairment is severe if it is anything more than a 'slight abnormality' that 'would not be expected to interfere' with a claimant's ability to work."  *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citing *Loza*, 219 F.3d at 391).  This second step requires the claimant to make a *de minimis* showing.  *Salmond*, 892 F.3d at 817.

If the claimant is found to have a severe impairment, the ALJ proceeds to the third step of the sequential analysis: whether the severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. Part 404, Subpart P, Appendix 1.  If the impairment meets one of the listings in Appendix 1, the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the ALJ finds that the claimant's symptoms do not meet any listed impairment, the sequential analysis continues to the fourth step.

In step four, the ALJ must decide whether the claimant can still perform her past relevant work by determining the claimant's "residual functional capacity" (RFC).  20 C.F.R. §§

404.1520(a)(4)(iv), 416.920(a)(4)(iv). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011). The ALJ must base the RFC determination on the record as a whole and must consider all of a claimant's impairments, including those that are not severe. 20 C.F.R. §§ 404.1520(e), 404. 1545(e); *Giles*, 433 F. App'x at 245; *see also Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990).

The claimant bears the burden to prove disability at steps one through four, meaning the claimant must prove she is not currently working and is no longer capable of performing her past relevant work. *Newton*, 209 F.3d at 453 (citing 42. U.S.C. § 423(d)(1)(A)). If the claimant meets her burden, the burden shifts to the Commissioner at step five to show that the "claimant is capable of engaging in some type of alternative work that exists in the national economy." *Id*. Thus, in order for the Commissioner to find in step five that the claimant is not disabled, the record must contain evidence demonstrating that other work exists in significant numbers in the national economy, and that the claimant can do that work given her RFC, age, education, and work experience. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

### 4.    The ALJ's Decision

At step one of her sequential analysis, the ALJ found that Reece had not engaged in substantial gainful activity since his alleged onset date of April 21, 2015. At step two, the ALJ found that Reece suffered from the medically determinable impairments of "hypertension; diabetes mellitus, type 2, poorly controlled; gout; status-post avulsion fracture of the right acetabulum (hip); posttraumatic right hip degenerative joint disease; and obesity[.]" (Dkt. 9-3 at 24). The ALJ also found at step two that the claimant's impairments were non-severe: "The claimant does not have an impairment or combination of impairments that significantly limited (or is expected to

significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore the claimant does not have a severe impairment or combination of impairments." (*Id.* at 24.). Because she found the impairments to be non-severe, the ALJ did not continue her analysis beyond step two and concluded that Reece "has not been under a disability, as defined in the Social Security Act, since April 21, 2015[.]" (*Id.*).

## II. ANALYSIS

Reece asserts the following points of error in his appeal to this court:

1. The ALJ erred at step two because her finding that Plaintiff's impairments are not severe is not supported by substantial evidence;[3]

2. The ALJ failed to develop the record with respect to Reece's physical therapy sessions.

(Dkt. 14 at 9-16). Plaintiff's supplement briefing clarifies his contention that the ALJ decision is not supported by substantial evidence *because* she applied the incorrect legal standard in her severity analysis. (*See* Dkt. 22 at 1 (emphasis added)). The Commissioner contends that although the ALJ did not expressly cite *Stone*, she nonetheless applied the proper standard, and in any event, any error was harmless because substantial evidence supports the ALJ's decision that Reece did not have a severe impairment. The court finds the ALJ committed error at step two and the error requires remand. Therefore, the court does not reach the Plaintiff's argument that the ALJ failed to develop the record regarding physical therapy.

---

[3] Although Plaintiff states that the ALJ erred in finding that all of his alleged impairments were not severe, he has presented evidence regarding his hip impairment only. (*See* Dkt. 14 at 9-15). Therefore, the court limits this decision to a discussion of his hip impairment. The ALJ should consider all of Reece's alleged impairments on remand.

## 1.  The ALJ erred at step two.

In *Stone v. Heckler*, the Fifth Circuit held that an "impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." 752 F.2d at 1101 (quotations omitted).  The *Stone* Court also held that an ALJ is presumed to have applied the incorrect severity standard "unless the correct standard is set forth by reference to [the *Stone* opinion] or another of the same effect[.]" *Id*. at 1105.  The Fifth Circuit recently stated that the *Stone* standard is "binding precedent" that requires an impairment be considered "severe if it is anything more than a 'slight abnormality' that 'would not be expected to interfere' with a claimant's ability to work.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).  The claimant is required to make only a *de minimis* showing at step two.  *Id.*; *Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992) ("this Circuit, like other circuits, has conceded that the Secretary may require the claimant to make a *de minimis* showing that her impairment is severe enough to interfere with her ability to work." (emphasis in original)).  The determination of the proper legal standard to be applied in reviewing a claim is an issue that this court reviews de novo. *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981).

Contrary to the Commissioner's contention, the ALJ here did not cite the *Stone* standard or "another of the same effect" in her analysis.[4]  Moreover, the opinion itself does not support the Commissioner's contention that she "nevertheless applied the proper standard." (Dkt. 23 at 2). Instead, the ALJ consistently stated that Reece's impairments did not "significantly limit" his

---

[4] The boilerplate "Applicable Law" section of the opinion does note that "[a]n impairment or combination of impairments is 'not severe' when medical or other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." Dkt. 9-3 at 23. But there is no indication in the ALJ's decision that she actually found Reece to have a "slight abnormality" that had "no more than a minimal effect" on his ability to work. Instead, she found only that his impairments did not "significantly limit" his ability to work. *Id.* at 28.

ability to work. (Dkt. 9-3 at 24, 28). While that statement mimics the regulatory language,[5] the ALJ did not reference the Fifth Circuit's particular interpretation of this phrase. It appears that the ALJ held Reece to a more difficult standard of proof regarding the severity of his medically determinable impairments than the *de minimis* standard that the Fifth Circuit set forth in *Stone* and has consistently reaffirmed since. *See, e.g.*, *Loza*, 219 F.3d at 391; *Salmond*, 892 F.3d at 817; *Garcia v. Berryhill*, 880 F.3d 700, 705 (5th Cir. 2018) (citing *Stone* as proper standard).

The ALJ cited generally to SSR 85-28 [1985 WL 56856, *3 (1985)] when listing examples of basic work activities. (Dkt. 9-3 at 23). But there is no indication that she was guided by SSR 85-28 in conducting the severity analysis that followed. For example, the ALJ noted that Reece testified that he received physical therapy every 2 weeks; used a cane some days to walk; was limited in his ability to sit, stand, walk, and lift; and some days his symptoms were exacerbated. (*Id.* at 24). The ALJ found that Reece's medically determinable impairments could reasonably be expected to produce some of his alleged symptoms, but that his "statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence." (*Id.* at 26). The ALJ's finding that Reece's allegations regarding his functional limitations are not entirely credible does not result from the application of the standard the Fifth Circuit has set forth for determining whether alleged impairments support at least *de minimis* functional limitations.

The ALJ similarly concluded that Reece's physical exams did not support "his alleged limited functioning[,]" after noting that Reece's 2015 fractured acetabulum and "severe right hip

---

[5] 20 C.F.R. § 404.1520(c):

> You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.

posttraumatic degenerative changes," were "no longer visualized" by early 2017, and that he could walk up to ¾ mile and was independent in activities of daily living. (Dkt. 9-3 at 26). Again, a finding that the record does not support the *degree* of limitation alleged by the plaintiff does not equate to the absence of a severe impairment. The ALJ's analysis more closely resembles that used in an RFC determination—an analysis that differs from that prescribed in the Fifth Circuit for determinations at step two of whether even a minimal impairment could be expected to interfere with the claimant's ability to perform basic work functions. *See* 20 C.F.R. § 416.945(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations. We will assess your residual functional capacity based on all the relevant evidence in your case record."); *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011) ("The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments. In determining the RFC, the Commissioner must consider all of a claimant's impairments, including those that are not severe.").

The ALJ gave little weight to Reece's treating physician's opinions that his history of acetabular fracture would "constantly" interfere with his attention and concentration; that his medication makes him dizzy; that he would need to recline during an 8-hour workday; that he could only walk one block, sit one hour, stand/walk 5 hours in an 8-hour day; and lift/carry less than 10 pounds occasionally. (Dkt. 9-3 at 26-27). In contrast, the ALJ gave great weight to non-examining state agency consultants who opined that because Reece had full range of motion "despite his history of hip fracture," he did not have a severe physical medically determinable impairment. (*Id.* at 27). An ALJ is required to consider the opinions of agency consultants, *see* 20 C.F.R. § 416.27(c), (e), but the court cannot reasonably predict that the ALJ's severity decision at step two would have been the same had she applied the correct legal standard, even assuming

she correctly assigned little weight to the treating physician opinion and great weight to the consultants' opinions.

An error at step two of the sequential analysis is generally harmless when the ALJ continues to the next step of the disability analysis. *See Herrera v. Comm'r of Soc. Sec.,* 406 F. App'x 899, 903 (5th Cir. 2010) ("However, this case did not turn on a finding that Herrera's impairments were not severe at step two; rather, the ALJ concluded that Herrera was not disabled because, despite his severe impairments, he retained the residual functional capacity to do other work. Therefore, the ALJ's failure to assess the severity of Herrera's anxiety or learning impairments at step two is not a basis for remand."); *Dise v. Colvin*, 630 F. App'x 322, 324 (5th Cir. 2015) ("This case does not present the error found in *Stone* because Dise's request for benefits was not denied based on an improper determination of "non-severity" at step two. . . . In short, 'this case did not turn on whether or not [Dise's depression] impairment was severe,' but on subsequent steps in the analysis— 'an inquiry unaffected by the test set forth in *Stone.*'" (citations omitted)); *Garcia v. Berryhill*, 880 F.3d 700, 705 n.6 (5th Cir. 2018) ("Any error at step two would likewise be harmless, given that the ALJ concluded at step four, on the basis of substantial evidence, that Garcia retained the ability to perform his past relevant work as a produce broker."); *Dunham v. Berryhill*, Civil Action No. H-17-2641, 2018 WL 6574838, at *5 (S.D. Tex. Nov. 21, 2018) ("Under the sequential analysis framework, error at step two rarely constitutes reversible error, where, as here, the ALJ conducts the remaining steps of the five-step sequential analysis.").

In this case, the ALJ did not continue past step two and therefore, the court is unable to review the ultimate disability finding. *See Murphy v. Berryhill*, No. 3:17-CV-01260, 2018 WL 4568808, at *14 (N.D. Tex. Sept. 24, 2018) ("*Stone* error does not mandate automatic reversal and remand, however; application of harmless error analysis is appropriate in cases where the ALJ

proceeds past step two in the sequential evaluation process."); *see also Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (applying harmless error analysis where ALJ failed to cite to *Stone* at step two but proceeded to evaluate claimant's residual functional capacity and ability to perform existing jobs at steps four and five). The court remands Reece's claim to the Commissioner for reconsideration of the record using the correct legal standard.

### III. CONCLUSION

For the reasons discussed above, the court **GRANTS** Reece's motion, **DENIES** the Commissioner's motion, and **REMANDS** this case for further proceedings consistent with this Memorandum and Order.

Signed on July 24, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge