IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EARL REECE, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> ANDREW SAUL, § <br> COMMISSIONER OF THE § <br> SOCIAL SECURITY ADMINISTRATION, § <br> § <br> *Defendant*. § | CIVIL ACTION NO.: 4:18-CV-02624 |

## ORDER

Plaintiff filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA") on October 22, 2019. Dkt. 26. A claimant is entitled to an award of attorney's fees and expenses under the EAJA if (1) the claimant is the "prevailing party"; (2) the government's position was not "substantially justified"; and (3) there are not special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011).

This Court's Final Judgment remanding the case to the Commissioner for further proceedings was issued in July 2019. Plaintiff is the prevailing party because the case was remanded for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993) (a plaintiff who obtains a remand order is a prevailing party). The burden is on the Commissioner to show either that its position was "substantially justified" or that, because of special circumstances, it would be unjust to impose liability for fees and expenses. *Martin v. Heckler*, 754 F.2d 1262, 1264 (5th Cir. 1985). The Commissioner has presented no opposition demonstrating that its position was substantially justified or that special circumstances make an award of fees unjust in this case. Plaintiff is therefore entitled to reasonable attorney's fees under the EAJA.

"Any attorneys' fees awarded under the EAJA must be reasonable." *Banks v. Berryhill*, Civil Action No. 4:18-cv-0239, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019). The party seeking fees under the EAJA has the burden to prove that the requested fees are not excessive, redundant, or otherwise unnecessary under the facts of the case. *DaSilva v. United States Citizenship & Immigration Servs.*, 599 F. App'x 535, 544 n.40 (5th Cir. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).

Plaintiff's Counsel requests fees for 23.9 hours at a rate of $201.22 per hour for worked performed in 2019, 3.1 hours at a rate of $199.58 per hour for work performed in 2018, and 7.3 hours at a rate of $100 per hour for work performed by a paralegal, for a total fee of $6,157.86. Plaintiff's Counsel has offered evidence showing that the amount of attorney's fees requested is reasonable, and the Commissioner does not oppose the amount of the award. Counsel provided inflation tables for 2018 and 2019, which he applied to the statutory EAJA hourly rate to calculate the rate for work he performed in both years. Dkt. 27-1. Counsel provided ledgers detailing the hours spent and the tasks he performed in Plaintiff's case for 2018 and 2019. Dkt. 27-3. He also included a ledger showing the hours spent and the tasks performed by paralegals in Plaintiff's case. Dkt. 27-4. Plaintiff's Counsel applied the attorney hourly rates for 2018 and 2019 and the paralegal hourly rate to the hours recorded in the ledger to determine a reasonable amount of attorney's fees. This evidence satisfies Plaintiff's burden of showing that the requested award of attorney's fees is reasonable.

The Court finds that the number of hours worked (23.9 by attorneys in 2019, 3.1 by attorneys in 2018, and 7.3 by paralegals) and the requested hourly rate ($201.22 for attorney work in 2019, $199.58 for attorney work in 2018, and $100 for paralegal work) are reasonable for the type of case, the experience of counsel, and the results achieved. Therefore, the Court **GRANTS**

Plaintiff's EAJA Fee Application and **AWARDS** Plaintiff $6,157.86 in accordance with the rates as described above as reasonable attorney fees in this case. The Court will issue a separate final judgment.

**SIGNED** at Houston, Texas, this 1st day of November, 2019.

**CHRISTINA A. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**